**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CRAIG IVAN GILBERT,**

                **Plaintiff,**

    **v.**                                                  **CASE NO. 21-3156-SAC**

**SOCIAL SECURITY COMMISSION,**

                **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff, a pretrial detainee held in the Saline County Jail, Salina, Kansas, proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

Plaintiff is subject to the three-strikes provision of the federal in forma pauperis statute codified in 28 U.S.C. § 1915(g). That provision states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Although plaintiff broadly claims he is in danger of serious physical harm, the court finds no support for that assertion and will deny leave to proceed in forma pauperis.

### Nature of the complaint

Plaintiff brings this civil action to seek review of the appointment of a third party payee to receive his benefits from the Social Security Administration (SSA). He appears to base this challenge upon a finding in his pending state criminal case that he is competent to proceed in that matter.[1]

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The jurisdiction of the federal courts to consider decisions by the Commissioner of Social Security is established by 42 U.S.C. § 405(g). Under this provision, a plaintiff must seek a final decision from the Commissioner for the federal courts to have subject matter jurisdiction. *See Weinberger v. Salfi*, 422 U.S. 749, 763 (1975).

---

[1] Online records maintained by the state courts shows that the District Court of Saline County noted in June 2021 that a further competency evaluation of plaintiff is pending in Case No. 2021-CR-000271.

A decision by the SSA as to "whether the payment of [an individual's] benefits will be made, on [his or her] behalf to a representative payee" is an initial determination. 20 C.F.R. § 416.1402(d). To obtain judicial review concerning such a decision, an individual first must obtain a "final decision." See 42 U.S.C. § 405(j)(2)(E)(i)("Any individual who is dissatisfied with a determination by the Commissioner of Social Security to certify payment of such individual's benefit to a representative payee…shall be entitled to a hearing by the Commissioner of Social Security … and to judicial review of the Commissioner's final decision."). "The administrative review process consists of several steps, which usually must be requested within certain time periods" and in a certain order. See 20 C.F.R. § 416.1400(a). Where an individual fails to seek administrative review, the federal court lacks jurisdiction to review representative payee determinations. See *Tutuianu v. Comm'r of Social Security*, 2007 WL 1875556, at *1 (E.D.N.Y. 2007).

Where an individual seeks to reopen a determination or decision, the SSA may reopen such a matter under certain circumstances, including a showing of good cause. See 20 C.F.R. § 416.1489(a)(1)(stating that good cause to reopen may be available if "new and material evidence" is provided).

Because plaintiff does not suggest that he has presented his request for reconsideration of the third-party payee designation concerning his benefits to the SSA, the court will direct him to either (1) supplement the record with a showing of his completion of

administrative review procedures or (2) show cause why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including **August 13, 2021,** to file a response that shows his use of administrative review procedures before the SSA or shows cause why this matter should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 26th day of July, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge