## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CRAIG IVAN GILBERT,**

    **Plaintiff,**

    v.                            **CASE NO.  21-3156-JWL**

**SOCIAL SECURITY COMMISSION,**

    **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff Craig Ivan Gilbert brought this action to seek review of the appointment of a third-party payee to receive his benefits from the Social Security Administration.   This case was dismissed on August 11, 2021 (Doc. 6), and his appeal was dismissed on August 31, 2022 (Doc. 24).  This matter is before the Court on the Motion to Reconsider Appointment of Special Prosecutor (Doc. 29) filed by Craig Ivan Gilbert.  Gilbert filed this same motion in fifteen of his closed cases.  The motion is meritless and therefore denied.

The Court directs the Clerk to reopen this case to enable the Court to enter an order directing Plaintiff to show good cause why filing restrictions should not be put in place.  It is well-established that "the right of access to the courts is neither absolute nor unconditional." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."  *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010).  Restrictions on further filings are appropriate where the litigant's "lengthy and abusive history" is set forth, the Court makes clear the requirements the litigant must meet to obtain permission to file, and the litigant is given notice

and an opportunity to oppose the restrictions before they are imposed. *Id.* (quoting *Tripati*, 878 F.2d at 353-54).

The following factors are relevant to the determination of whether to impose filing restrictions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*United States v. Kettler*, 934 F.2d 326 (Table) (10th Cir. 1991), 1991 WL 94457, at *6 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Ultimately, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.* (quoting *Safir*, 792 F.2d at 24).   The Court finds that Plaintiff is likely to continue to abuse the judicial process and that he has posed an unnecessary burden on the Court and the Court's personnel.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).[1]  Plaintiff began removing his state criminal cases to this Court in 2003.  *See* Case No. 03-3345.  Plaintiff has recently attempted to remove closed cases from state court or cases that are otherwise not appropriate candidates for removal.  *See, e.g.*, Case Nos. 22-3213, 22-3214, 22-3215, 22-3216, 22-3217, 22-3218, and 22-3219.  Now Plaintiff has filed sixteen new cases that are improper

---

[1] *See Gilbert v. Melgren*, Case No. 06-3190 (D. Kan.) (Doc. 4, FN 1) ("Plaintiff has two "strikes" under 28 U.S.C. § 1915(g) for filing a frivolous complaint in the Northern District of Texas, Gilbert v. Craig, Case No. 00-165 (N.D. Tex. May 4, 2000)(complaint dismissed with prejudice as frivolous), and then a frivolous appeal, Appeal No. 00-10605 (5th Cir. December 14, 2000)(appeal dismissed as frivolous, two strike warning issued). . . . Plaintiff[ ] received another "strike" in a District of Kansas case, Gilbert v. Ives, Case No. 01-3108-GTV (complaint dismissed as frivolous and as stating no claim for relief), appeal dismissed for lack of prosecution (10th Cir., August 13, 2001).").

attempts at removal.  Many of the cases deal with closed cases and cases in which Plaintiff is not even a party.  *See, e.g.*, Case Nos. 22-3240, 22-3241, 22-3242, 22-3243, 22-3244, 22-3246, 22-3247, 22-3248, 22-3249, 22-3250, 22-3251, 22-3252, 22-3253, 22-3254, 22-3255, and 22-3256. Plaintiff continues to file improper removals after being advised by the Court that his attempts are improper.

In addition, Plaintiff continues to file frivolous motions and pleadings in his closed cases. The motion filed in this closed case is frivolous.  The motion was filed in fifteen of Plaintiff's closed cases.

The Court finds that Plaintiff is likely to continue to abuse the judicial process, and the enumerated factors strongly weigh in favor of imposing filing restrictions. Accordingly, the Court finds it necessary to impose filing restrictions to deter future frivolous motions and removals and to protect the Court and future defendants from having to expend needless time. Thus, Plaintiff will be required to obtain leave of Court to submit future filings in any existing cases currently pending  in the U.S. District Court for the District of Kansas, to submit filings in closed cases, to initiate a civil action in the U.S. District Court for the District of Kansas, or to remove a case to the U.S. District Court for the District of Kansas, without representation of an attorney licensed to practice in the State of Kansas and admitted to practice before this Court.

Plaintiff is given an opportunity to show good cause why filing restrictions should not be imposed.  Absent a showing of good cause, the following filing restrictions will be imposed:

Before Plaintiff  may submit future filings in existing cases, initiate a civil action in the U.S. District Court for the District of Kansas, or remove an action to the U.S. District Court for the District of Kansas, he must comply with the following injunction:

1. With the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Plaintiff or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with the Filing Restrictions Order, the Clerk shall not accept any pleading from Plaintiff which purports to initiate a civil action or remove an action to this Court. If Plaintiff, proceeding pro se, desires to file a new lawsuit in, or to remove an action to, the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

a. A copy of the Filing Restrictions Order and any subsequent Order;

b. A copy of the proposed complaint or pleading;

c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;

d. A notarized affidavit certifying:

i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

ii. That the claims are not frivolous, malicious, or made in bad faith.

3. Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it. Failure to follow these procedures will result in rejection of any future case Plaintiff attempts to file in this Court.

Plaintiff is directed to show good cause why these filing restrictions should not be imposed.  Failure to respond by the deadline or to otherwise show good cause will result in the entry of a filing restrictions order as set forth above.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Reconsider Appointment of Special Prosecutor (Doc. 29) filed by Craig Ivan Gilbert is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to **reopen** this case.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 27, 2022,** in which to show good cause why filing restrictions should not be imposed as set forth in this Memorandum and Order.

**IT IS SO ORDERED**.

**Dated October 13, 2022, in Kansas City, Kansas.**


                                        S/  John W. Lungstrum
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**