IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAIG IVAN GILBERT,

    **Plaintiff,**

    v.                                      CASE NO. 21-3156-JWL

SOCIAL SECURITY COMMISSION,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Craig Ivan Gilbert brought this action to seek review of the appointment of a third-party payee to receive his benefits from the Social Security Administration. This case was dismissed on August 11, 2021 (Doc. 6), and his appeal was dismissed on August 31, 2022 (Doc. 24). On October 7, 2022, Plaintiff filed a Motion to Reconsider Appointment of Special Prosecutor (Doc. 29).

On October 13, 2022, the Court entered a Memorandum and Order (Doc. 31) ("M&O") granting Plaintiff until October 27, 2022, in which to show good cause why filing restrictions should not be imposed as set forth in the M&O. The Court set forth in the M&O the multiple Notices of Removal filed by Plaintiff, in which he attempted to remove multiple state court actions to this Court. The notices were for closed criminal case, some involving out-of-state proceedings, and some involving proceedings in which Plaintiff was not even a party.

This matter is before the Court on Plaintiff's Motion to Correct Record (Doc. 32). Plaintiff states that his motion is not intended to be his response to the Court's M&O, and that it is based on 18 U.S.C. § 4. That statute deals with the criminal prohibition against misprision of felonies, and provides that:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not

1

> as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4.

Plaintiff's argument is hard to follow, but he seems to be suggesting that his various removal cases were filed under 18 U.S.C. § 4, or provided notice under that statue, and any filing restrictions would violate the statute. (Doc. 32, at 2–3.) He argues that under the statute, he is to notify the judge or other civil officer of criminal offenses. *Id*. at 3. He suggests that his multiple removal cases were either authorized under statute, or served to satisfy his duty to notify the court of the commission of a felony as required to avoid criminal charges under the statute. *Id*.

The statute does not provide a private cause of action. The statute "defines a criminal offense and does not provide civil complainants with a private right of action." *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993) (citing *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985)). A plaintiff cannot sue directly under this statute or use it as a predicate for an action under 42 U.S.C. § 1983. *Dugar*, 613 F. Supp. at 852 n.1.; *see also U.S. ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990) (citations omitted) (finding there is no explicit authority for private citizens to bring suit under 18 U.S.C. § 4, nor will the courts imply such authority).

In *Massad v. Greaves*, the defendant attempted to remove an action to federal court, arguing that the action was in fact a cause of action under 18 U.S.C. § 4. *Massad v. Greaves*, 554 F. Supp. 2d 163, 165–66 (D. Conn. 2008). The court found that the argument was flawed "because federal criminal statutes cannot provide plaintiff with an implied civil cause of action to plead." *Id*. at 166. "The language of [18 U.S.C. § 4] contains no provision permitting a civil litigant to initiate a lawsuit in the courts of the United States on the basis of the conduct

prohibited in § 4." *Id*. at 167.  The court ordered a remand, finding that removal based on the statute was improper. *Id*.; *see also Wolf v. Petrock*, 382 F. App'x 674, 675–77 (10th Cir. 2010) (unpublished) (affirming dismissal of case where plaintiff alleged he was trying to report felonies).

To the extent Plaintiff asserts that 18 U.S.C. § 4 provides him with a basis for removal, such an argument is without merit.  Nothing in the statute suggests that notice should be accomplished by attempting to remove a case to federal court.  Furthermore, nothing in the removal statutes provides that 18 U.S.C. § 4 is a valid basis for removal. *See* 28 U.S.C. §§ 1441 through 1455.

The Court's M&O ordered Plaintiff to show good cause why filing restrictions should not be imposed.  To the extent Plaintiff argues that his past filings are really actions or notices under 18 U.S.C. § 4, that argument is without merit and does not show good cause why filing restrictions should not be imposed.  Plaintiff is reminded that his response to the Court's M&O is due by October 27, 2022.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Correct Record (Doc. 32) is **denied.**

**IT IS FURTHER ORDERED** that the **October 27, 2022 deadline** by which Plaintiff is required to show good cause why filing restrictions should not be imposed as set forth in this Court's Memorandum and Order at Doc. 31, **remains in effect**.

**IT IS SO ORDERED**.

**Dated October 20, 2022, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**