IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAIG IVAN GILBERT,

    Plaintiff,

v.                                                      CASE NO. 21-3156-JWL

SOCIAL SECURITY COMMISSION,

    Defendant.

## MEMORANDUM AND ORDER
## IMPOSING FILING RESTRICTIONS

Plaintiff Craig Ivan Gilbert brought this action to seek review of the appointment of a third-party payee to receive his benefits from the Social Security Administration. This case was dismissed on August 11, 2021 (Doc. 6), and his appeal was dismissed on August 31, 2022 (Doc. 24). On October 13, 2022, the Court entered a Memorandum and Order (Doc. 31) denying Plaintiff's Motion to Reconsider Appointment of Special Prosecutor (Doc. 29) as meritless, directing the Clerk to reopen this case, and granting Plaintiff until October 27, 2022, in which to show good cause why filing restrictions should not be imposed as set forth in the Memorandum and Order.

On October 20, 2022, Plaintiff filed a Notice of Appeal (Doc. 34) purporting to appeal the "imminent danger exception." Because the notice does not clearly designate the judgment or order from which Plaintiff seeks to appeal, the Court treated this as an appeal of the Court's July 26, 2021 Memorandum and Order (Doc. 4) denying Plaintiff's motion for leave to proceed in forma pauperis and finding no support for his broad claims that he was in danger of serious physical harm.

Generally, "when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for 'collateral matters not involved in the appeal.' " *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) (quoting *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998)). Because Plaintiff's appeal has nothing to do with the Court's order to show cause regarding filing restrictions, the Court did not lose jurisdiction to impose filing restrictions. *See* Doc. 37, at 5, October 24, 2022 Order entered by the United States Court of Appeals for the Tenth Circuit (stating that "the district court's orders at ECF Nos. 26, 28, 31, and 33 have nothing to do with the imminent danger 'exception' Mr. Gilbert seeks to appeal" and noting that "the district court's order proposing filing restrictions [ECF No. 31] is not a final appealable order, nor will ECF No. 31 become a final order even if the district court ultimately imposes the filing restrictions it proposes").

The Court finds that Plaintiff has failed to show good cause why filing restrictions should not be imposed as proposed in this Court's Memorandum and Order at Doc. 31. Not only has Plaintiff failed to show good cause why filing restrictions are not warranted, but he has continued to submit abusive and frivolous filings after the Court entered its Memorandum and Order. On October 20, 2022, Plaintiff filed a single "Notice of Appeal" listing 28 of his cases and failing to designate the order he is appealing in 17 of those cases. *See, e.g., Kansas v. Gilbert*, Case No. 22-3243, Doc. 4. The Tenth Circuit Court of Appeals entered an order in these 17 cases, noting that Mr. Gilbert "listed a litany of cases on his notice of appeal without regard to whether the district [court] had entered the order he wishes to challenge on appeal in those cases or not." *See, e.g., id.* at Doc. 7; *Kansas v. Gilbert*, Case No. 22-3217 (10th Cir. Oct. 27, 2022) (Doc. 010110759912, at 6). The Tenth Circuit further stated that:

> It takes an inordinate amount of judicial resources, both in the
> district court and in this court, to process such a deficient notice of

>  appeal. Mr. Gilbert is warned that filing future notices of appeal that fail to comply with Rule 3 may result in the imposition of filing restrictions in this court."

*Id.* at 6–7.

Plaintiff has not only failed to respond with a showing of good cause why filing restrictions should not be imposed, but he has also continued to abuse the judicial process. The Court finds that filing restrictions are warranted.

**IT IS THEREFORE ORDERED** that before Craig Ivan Gilbert may submit future filings in existing cases, initiate a civil action in the U.S. District Court for the District of Kansas, or remove an action to the U.S. District Court for the District of Kansas, he must comply with the following injunction:

1. With the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Gilbert or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with this Memorandum and Order, the Clerk shall not accept any pleading from Gilbert which purports to initiate a civil action or remove an action to this Court. If Gilbert, proceeding pro se, desires to file a new lawsuit in, or to remove an action to, the United States District Court for the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

   a. A copy of this Memorandum and Order and any subsequent Order;

   b. A copy of the proposed complaint or pleading;

c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;

d. A notarized affidavit certifying:

    i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

    ii. That the claims are not frivolous, malicious, or made in bad faith.

3. Gilbert shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for a determination as to whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it. Failure to follow these procedures will result in rejection of any future case or filing Gilbert attempts to file in this Court.

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated October 28, 2022, in Kansas City, Kansas.**

                                                  **S/ John W. Lungstrum**
                                                  **JOHN W. LUNGSTRUM**
                                                  **UNITED STATES DISTRICT JUDGE**